MEMORANDUM **
Lucio Enrique Bustillo-Fuentes (“Bus-tillo-Fuentes”), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We review for substantial evidence, and we reverse only if the evidence compels a contrary conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.
Substantial evidence supports the BIA’s conclusion that Bustillo-Fuentes was firmly resettled in Spain prior to his arrival in the United States. See 8 U.S.C. § 1158(b)(2)(A)(vi). The record shows that: (1) prior to his last entry into the United States, Bustillo-Fuentes was issued a Spanish passport; and (2) by virtue of his father’s citizenship, Bustillo-Fuentes is considered a Spanish national and “can enter and reside in Spain[.]” Accordingly, because Bustillo-Fuentes was firmly resettled in Spain before entering the United States, he is barred from seeking asylum. See Maharaj v. Gonzales, 450 F.3d 961, 972 (9th Cir.2006) (en banc) (collecting cases where firm resettlement found).[1]
Substantial evidence also supports the BIA’s denial of Bustillo-Fuentes’ withholding of removal claim because his experiences in El Salvador — including discriminatory firings, the mysterious death of a former boyfriend, and harassment by two off-duty police officers — do not rise to the level of past persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016 (9th Cir.2003) (persecution “is an extreme concept that does not include every sort of treatment our society regards as offensive”) (internal quotation marks and citation omitted). Substantial evidence further supports the agency’s determination that Bustillo-Fuentes failed to establish a clear probability that he would be persecuted based on his sexual orientation upon his return to El Salvador. See Hoxha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir.2003).
Although Bustillo-Fuentes appears to challenge the BIA’s denial of his claim for CAT protection, he failed to brief the issue on appeal. Accordingly, we consider the issue abandoned. See Chebchoub v. INS, 257 F.3d 1038, 1045 (9th Cir.2001).
Finally, we reject Bustillo-Fuentes’ due process contentions because we conclude that the proceedings were not fundamentally unfair and he did not suffer prejudice. See Reyes-Melendez v. INS, 342 F.3d *542 1001, 1006 (9th Cir.2003). Contrary to his contentions, the IJ did not place the initial burden on Bustillo-Fuentes to refute firm resettlement, nor did the IJ or BIA improperly frame the firm resettlement analysis.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

. Bustillo-Fuentes contends that firm resettlement does not bar his asylum application because he has only been to Spain twice, he did not enter Spain with an offer of citizenship, and he did not enter the United States directly from Spain. None of these arguments has merit as each attempts to read qualifications into the statute that do not exist. See Madden v. Cowen & Co., 556 F.3d 786, 794 (9th Cir.2009) ("As in all statutory interpretation, we start with the plain language of the statute.”).